ACCEPTED
041400483cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/30/2015 11:59:31 AM
KEITH HOTTLE
CLERK

## NO.04-14-00483-CV

### IN THE FOURTH COURT OF TEXAS
### SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/30/2015 11:59:31 AM
KEITH E. HOTTLE
Clerk

### ROWLAND J MARTIN

Appellant,

vs.

### EDWARD BRAVENEC, 1216 WEST AVE INC
### AND THE LAW OFFICE OF MCKNIGHT AND BRAVENEC

Appellees

****

### MOTION TO DISMISS OR IN THE ALTERNATIVE
### MOTION TO RE-PLEAD OR IN THE ALTERNATIVE REQUEST
### FOR EXTENSION OF TIME

****

### ON APPEAL FROM CAUSE NO. 2014-CR-07644
### IN THE DISTRICT COURT
### 285TH JUDICIAL DISTRICT BEXAR COUNTY, TEXAS

Glenn J Deadman
State Bar No. 00785559
Law Office of Glenn J Deadman, P.C.
509 S Main Ave
San Antonio, Texas 78204
gjdeadman@aol.com
210-472-3900 Telephone
210-472-3901 Facsimile

ATTORNEYS FOR APPELLEES

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Now comes Appellees Edward L. Bravenec and 1216 West Ave., Inc. ("Bravenec") and files this, their Motion to Dismiss or in the Alternative Motion to Re-plead or in the alternative Request for Extension of Time on the grounds that Appellant failed to comply with orders of this Court and would show the Court as follows:

## I.

## STATEMENT OF THE CASE

1.  The court has made it clear that the only two orders on which it requires briefing is the July 17, 2014 order granting a Temporary Injunction and the July 17, 2014 order denying Appellant's Motion to Dismiss.

2.  The history of this case is long and convoluted as a result of Appellate's attempt to intertwine unrelated matters in the same proceeding attempt to re-litigate matters already fully adjudicated, disregard the orders of this court and brief matters not before the court and for which this court has no jurisdiction. Appellant has a long on going dispute with Bravenec regarding real estate located at 1216 West Ave in San Antonio, Texas (the "Property"). The ownership of the Property has been litigated in literally every court with all claims that were asserted or could be asserted by Rowland J Martin Jr ("Appellate" or "Martin") to the Property barred by res judicata and/or limitations. Despite the same. Appellate continually files lis pendens to cloud the title of the Property prohibiting Bravenec from utilizing or selling the same.

## BACKGROUND FACTS

3.  On October 03, 2003, the Property was foreclosed at valid foreclosure sale by Albert McKnight and Edward Bravenec who practiced law together.

4. In 2006, Rowland J Martin d/b/a Decco Village Annex sued Albert McKnight and Bravenec and others concerning the foreclosure of the Property. This was in Cause No 2006-CI-15329 styled *Rowland J Martin d/b/a Decco Village Annex v Albert McKnight and Edward Bravenec.* On November 01, 2006 the Bexar County District Court entered an order finding the foreclosure which took place on October 03, 2003 was valid. (RR Vol 4 P Ex 1) This order was not appealed.

5. After placing Morocco Ventures, LLC in bankruptcy Cause No 06-50829-rbk, wherein Martin claim Morocco Ventures owned the Property and he attempted to recover the Property which failed, as payments were not made, (CR page 222-226) Martin then sued Bravenec and others in federal court to attempt to claim ownership of the Property or compensation for the same in civil Case No H-10-3644 styled *Rowland J Martin, Jr successor in interest to Morocco Ventures, LLC v Charles Grehn Reliant Financial Inc Edward Bravenec Esq the Law Office of McKnight and Bravenec and 1216 West Ave Inc* (RR Vol 4 P Ex 2) ("Federal Case"). In the Federal Case Martin sued Bravenec for a variety of causes of action including fraudulent appropriation of property, injuries to plaintiff's business equity and homestead interest, common law fraud ,breach of legal and financial fiduciary duties (legal malpractice claims), violation of the fair debt collection practices act or wrongful appropriation of property, civil rights violations under 42 USC 1983,Clayton anti trust violations, Sherman anti trust act violations, declaratory judgment action, trespass to try title, injunctive relief and intentional infliction of emotional distress(CR Page 188-208) excluding exhibits. The matter was assigned to Honorable Senior Judge Harry Hudspeth.

6. By order entered December 21, 2012 in the Federal Case the Honorable Senior Judge Hudspeth found that all causes of action asserted by Martin be denied and he take nothing by his suit and that summary judgment be granted in favor of Bravenec (RR Vol 4 P Ex 3). The Honorable Senior Judge Hudspeth filed a detailed ruling (RR Vol 4 P Ex 4). The judge found that as of the Federal Case filing date in 2010 all causes of action that could have been asserted relating to the

foreclosure of the Property that took place in 2003 or actions against Bravenec were barred by the statue of limitations and the Appellant had no claim or title to the Property.

7.     Martin appealed the Honorable Senior Judge Hudspeth's ruling to the Fifth Circuit styled *The United States Court of Appeals for the Fifth Circuit No 13-50070* styled *Rowland J Martin Jr successor and interest to Morocco Ventures, LLC, Appellate v Charles Grehn, Relied Financial, Inc, Edward Branvec ,esq. the Law Office of McKnight and Bravenec and 1216 West Ave, Inc ("Fifth Circuit case")*.

8.     As this Fourth Court of Appeals will soon experience, the Fifth Circuit considered on multiple occasions the merits of Martin's appeal and finally entered an order stating "if he [Mr Martin] continues to engage in frivolous and vexatious litigation-for example, asking for relief the court has repeatedly found is not warranted-sanctions may be opposed" (RR Vol 4 Ex 6).

9.     With the Fifth Circuit ruling in place, the case was then remanded back to the Federal District Court before the Honorable Senior Judge Hudspeth. Despite the ruling of the Fifth Circuit, Martin continued to file various pleadings in the Federal Court. On December 30, 2013 the Honorable Senior Judge Hudspeth entered an order finding that Martin has a history of filing pleadings and motions which are both frivolous and vexatious and striking numerous pleadings (RR Vol 4 P Ex 7). Apparently this order was insufficient for Martin as he continued in his practices. The Honorable Senior Judge Hudspeth found it necessary to enter an additional order on February 01, 2013 wherein he again found that Martin has engaged in a campaign of harassing, frivolous and duplative litigation and expressly finding that "no one, rich or poor, is entitled to abuse the judicial process *Harwick v Brensen 523f 2d 798, 800* (Fifth Circuit 1975)". He then directed the district clerk not to accept any further filings from Martin (RR Vol 4 P Ex 8).

10.     Throughout this process, Martin has continually filed lis pendens against the Property placing a cloud on the title to the Property making it impossible for the rightful owner of the

Property, Bravenec, to sell or market the same. A history of the lis pendens filings in the Federal Case alone is summarized in the order of the Honorable Senior Judge Hudspeth dated March 05, 2014 (RR Vol 4 D Ex 2). The Honorable Senior Judge Hudspeth found in his order of March 05, 2014 that Martin was now attempting to re-open and re-litigate the title to the Property through the Estate of Johnnie Mae King in Probate Court a case long closed styled *Cause No 2001-PC-1263 In re the Estate of Johnnie Mae King.* The Honorable Senior Judge Hudspeth ordered that all the liens [lis pendens] filed through the Federal Case be removed and that the lis pendens filed in the probate matter be addressed by the Probate Court (RR Vol 4 D Ex2). Pursuant to Judge Hudspeth's ruling, the matter was addressed by the probate court and the Honorable Polly Jackson Spencer entered an order on March 19, 2014 finding the Estate of Johnnie Mae King has no interest in the Property and the same is not an asset of the Estate further expunging the all lis pendens filed pursuant to probate proceedings from the Property (RR Vol 4 D Ex 3).

11.     Full well knowing Martin's propensity to re-litigate this matter, when Bravenec located a potential buyer for the Property Bravenec became proactive and filed Plaintiff's Petition and Application for Temporary Restraining Order against Martin seeking an order prohibiting Martin from clouding the title to the Property which was subject to pending sale. Suit was filed May 13, 2014 (CR 1) which in the case the subject of this appeal.

12.     A Temporary Restraining Order was issued which prohibited Martin or his agents, employers or those acting in concert with him to file any document with the Bexar County Clerk Deed Record office that related to the Property and further ordered that a new notice styled "Notice of Apparent Liability for Purchase Money Claims" recorded in book 16601 page 2158 be expunged (CR 22). The Temporary Restraining Order was set for hearing May 27, 2014.

13.     Martin filed an Answer and Counter Claim (CR 23). In his counter claim he asserts claims of legal malpractice, suit in trespass to try title and other claims all of which were previously asserted

or could have been asserted in the Federal Case litigated, appealed, and were denied. In addition, he cites the same facts that he claims an interest in the Property that was foreclosed in 2003. Martin did not plead or assert any claim pursuant to Chapter 27 of the Tex. Civ. Prac. and Rem. Code. Neither Plaintiffs' Petition nor Defendant's Counter Claim constitutes a legal action based on, relating to or in response to parties exercise of the right of free speech, right to petition or right of association as those terms are defined in Chapter 27 of the Civ. Prac. and Rem. Code.

14.     The Application for Temporary Restraining Order was reset to May 23, 2014 at 9:00 am (CR 81). On May 23, 2014 Bravenec and Martin appeared. The matter was assigned to Honorable Judge Acala. Martin requested a continuance. Bravenec did not oppose the continuance provided the terms and conditions of the Temporary Restraining Order remained in full force and effect. The continuance was granted and the matter reset by agreement for July 09, 2014. It was further ordered that the terms and conditions of the restraining order entered on May 14, 2013 shall remain in full force and effect until further decision of the court (CR 83).

15.     Despite orders of the court and, as is Martin's custom and practice, Martin did, on June 02, 2014 file a document titled "Perfected Notice of Lis Pendens Concerning Purchase Money Lien Claims and Defective Title Issues Affecting the Property known as 1216 West Ave in San Antonio, Texas" precluding the sale of the Property (CR 84).

16.     On June 10, 2014 in response to Martin's counter claim, Bravenec filed a General Denial and asserted affirmative defenses of res judicata and statue of limitations (CR 92). On or about June 12, 2014 Martin filed Second Supplemental Answer and Counter Claim of Rowland Martin Jr (CR 115). Martin freely admits he knows the prospective purchaser for the Property and is attempting to preclude the sale and attaches to the Answer and Counter Claim his notice of lis pendens referenced above. Again, Martin does not plead any cause of action that falls within the scope of Chapter 27 of Tex Civ Prac and Rem Code.

17.     On June 20, 2014 Martin files an Emergency Application for Temporary Restraining Order (CR 137). His causes of action relate back to the 2003 foreclosure and his assertions of legal malpractice. To Bravenec's knowledge, the Request for Restraining Order was never set before a court.

18.     On June 20, 2014 Martin also filed a document styled Amended Motion to Dissolve Temporary Restraining Order and Motion for Contempt to Quash Issuance of Citation and Show Cause Order (CR 147) amongst a litany of other motions. Martin's Motion to Dissolve Temporary Restraining Order was set for July 01, 2014. On July 01, 2014 Martin's Amended Motion to Dissolve Temporary Restraining Order was denied (CR 312).

19.     On July 09, 2014 Martin filed a Motion styled Special Appearance for Plea to Jurisdiction and Texas Citizens Participation Act's Motions to Dismiss (CR 349) and Defendant's Memorandum of Law Supporting Plea to Jurisdiction and Motion to Dismiss (CR 316). This is not supported by a counter claim. His allegations under Chapter 27 of the Tex Civ Prac and Rem Codes are that because Bravenec filed a Motion for Contempt and a Motion for Summary Judgment each constitutes impermissible infringement on Martin's right to free speech (CR 352 paragraph B). Go Figure.

20.     On July 09, 2014 hearings were held on Martin's Plea to the Jurisdiction Martin's Motion to Dismiss and on Bravenec's Request for Temporary Injunction before the Honorable Judge Solomon Casseb. A record of the hearing was made (RR Vol 2). At the Temporary Injunction Hearing Plaintiff's Ex 1-8 were admitted without objection (RR Vol 2 pages 26,28,29,31,33,34 and RR Vol 4 P Ex 1-8). The Temporary Injunction was granted and rendered on July 09, 2014 (RR Vol 2 page 73) with the Judge ordering the parties to return in the morning (CRR Vol 2 page 73 line 20-25 page 74 line 10). Likewise, the Defendant's Plea to the Jurisdiction and Motion to Dismiss were denied (RR Vol 2 page 74 line 16). No orders were signed.

21. Bravenec and counsel attended the Honorable Judge Solomon Casseb's courtroom on July 10, 2014. Martin failed to appear. As Martin failed to appear the court directed that a Motion to Enter Order be filed. On July 10, 2014 Bravenec filed a Motion to Enter Order (CR 364) the same was set for hearing July 17, 2014.

22. On July 17, 2014, Bravenec appeared by and through counsel of record and Martin appeared pro se. Martin informed the court he filed a Suggestion of Automatic Stay that morning (CR 375) so that the court could do nothing further. The court disagreed stating that the entry of the orders was administerial and sign the Temporary Injunction Order (CR 373), the order dismissing Martin's Plea to the Jurisdiction (CR 377) and the order denying Martin's Motion to Dismiss (CR 379).

23. On July 21, 2014 this court denied Martin's Emergency Motion for Stay in Part and Remand in Part and for Extension of Time to File Record (CR 381).

24. By order dated December 04, 2014 the Honorable Fourth Court of Appeals granted, Appellant Rowland J Martin's Motion for Rehearing, reinstated this appeal on the docket of the court and clarified that this court construes this appeal as an accelerated, interlocutory appeal from:

    a)    The trial courts order dated July 17, 2014, granting a Temporary Injunction *see* Tex. Civ. Prac. & Rem. Code §51.014(a)(4); and

    b)    The trial courts order of July 17, 2014, denying Appellants Motion to Dismiss filed pursuant to §27.003 of the Tex. Civ. Prac. & Rem. Code commonly referred to as the Texas Citizens Participation Act.

25. The order of December 04, 2014 instructed Appellant that if he believed the court had jurisdiction to consider any other order of the trial court contained in the clerks record in this appeal, appellant was required to file a written response specifying such additional orders with a citation to a specific statue that gives the Fourth Court of Appeals jurisdiction to consider such additional orders. Appellant filed no such motion.

26. On December 08, 2014 the Honorable Fourth Court of Appeals issued an additional order specifying that the court would consider only two orders, those being the orders specified in the Fourth Court of Appeals dated December 04, 2014 as specified above.

27. Appellants briefing, though confusing, addresses every issue ever litigated. Bravenec requests that this court order Appellate to brief specifically only on the two orders and comply with the Fourth Court of Appeals Orders of December 04, 2014 and December 08, 2014. The relief that Appellate seeks exemplifies Bravenec's complaint.

28. The relief that Appellant seeks on which Martin has briefed is:

> "A reversal of the denial of his Motion to Dismiss, a judgment rendered dismissing Plaintiff's tortious interference case, a judgment rendered that Plaintiff had quite title relief to vacate and set aside the intervening sale as to his purchase money lien interest, a remand to the trial court for an accounting by Appellees of proceeds and other relief that cannot be deciphered."

Appellees request that this court order once again that Appellant limit his brief to the two orders in question with citations to the record that can be deciphered. If he cannot, the appeal should be dismissed.

29. In the alternative, if the court is not inclined to dismiss Appellant's appeal for failing to comply with the orders of this court then, Martin should be order to re-brief with appropriate citations that can be deciphered and limited to the two orders that form the basis of this interlocutory appeal.

30. In the alternative Bravenec requests an extension to file a brief that is limited to the two orders the subject matter of the appeal as mandated by this court. First, counsel for Bravenec is having some difficulty deciphering Appellants brief as, he contends, it is not in compliance with this court's orders and briefs all sorts of unrelated matters. Second, counsel for Bravenec has back to back trials, a jury trial to commence February 02, 2015 styled *Cause No. 2012-CI-16779 Dan J Moore Jr v Fleet Depo Automotive Inc et al in the 73rd Judicial Court, Bexar County, Texas,* in

which additional discovery and depositions where ordered that precluded preparation of a brief and on February 09, 2015 counsel for Bravenec has a trial in Houston styled *Cause No. 2012-08496 William A Sawyer v Frank Gabrysch et al in the 269th Judicial District, Harris County, Texas* set for that week. Appellees request an extension for the responsive brief to be filed on or before March 02, 2015, subject to orders of this court as requested above.

WHEREFORE, PREMISES CONSIDERED, Appellee Edward Bravenec and 1216 West Ave Inc request that this court:

1.    Dismiss the appeal of Rowland J Martin Jr for failure to comply with this courts orders of December 04, 2014 and December 08, 2014; or

2.    In the alternative, order Rowland J Martin Jr to re-plead limiting his brief specifically to the orders stated in this courts orders dated December 04, 2014 and December 08, 2014; and

3.    Extend Appellees deadline for filing a response brief to March 02, 2015.

Respectfully submitted,

GLENN J. DEADMAN, P. C.
509 S. Main Avenue
San Antonio, Texas 78209
(210) 472-3900-Telephone
(210) 472-3901-Facsimile
Gjdeadman@aol.com

_____
Glenn J. Deadman
SBN: 00785559

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via US Certified Mail RR # 7014 1200 0000 9202 1607, on this the 30 day of January, 2015 to the following:

Rowland J. Martin, Jr.
951 Lombrano
San Antonio, Texas 78207

Glenn J. Deadman